# William McCahill and Frederick Goedeck v. Margaret J. Maguire. Appeal of Charles J. Butterwick.

*Marshaling assets—Equity—Priority of judgment—Principal and sureties
—License bond—Notation of liquor laws.*

On July 23, 1896, B. and D. each brought suit against M. to recover
damages for a violation of the laws relating to selling and furnishing of
vinous, spirituous, malt and brewed liquors. On October 7, 1897, M.
confessed judgment in the penal sum of $4,200 in favor of the sureties
on her license bond, to indemnify them against loss. On October 21, 1897,
B. obtained a verdict in his suit for $6,838. On December 15, 1897, D.
obtained a verdict in her suit for $3,250. On July 19, 1898, D. caused
a judgment to be confessed on the license bond of M. against her and her
sureties, on which there was collected from the sureties $2,100, which was
applied to the judgments of B. and D. On September 9, 1898, all the real
estate and personal property of M. was sold, under the judgment confessed
by M. to her sureties. for the sum of $3,160. *Held,* that the sureties were
entitled, as against B., to the sum of $2,100 out of the proceeds of the
sheriff's sale.

Argued Oct. 24, 1899. Appeal, No. 37, Oct. T., 1899, by
Charles J. Butterwick, from judgment of C. P. No. 1, Alle-
gheny Co., Sept. T., 1898, No. 94, on judgment for plaintiffs.
Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL,
DEAN, FELL and BROWN, JJ. Affirmed.

Case stated to determine the ownership of a fund in court.

On July 23, 1896, Charles J. Butterwick brought suit against
Mrs. Margaret J. Maguire, to recover for the loss of a leg re-
sulting from her illegal sale of liquor to him in June of that

year, and obtained a verdict for $6,838. A similar suit for damages was brought on the same day against Mrs. Maguire by Mary Duffy, and a verdict obtained for $3,250.

The case stated was as follows:

At No. 1160 of March sessions, 1896, of the court of quarter sessions of Allegheny county, Margaret J. Maguire was granted a license to sell vinous, spirituous, malt and brewed liquors, at " Our House," on the Elizabeth road, in the village of Williamsburg, in Lower St. Clair township, in the county of Allegheny, from May 1, 1896, to May 1, 1897, and in accordance with an act of the general assembly of this commonwealth, approved May 13, 1887, she gave a bond to the commonwealth of Pennsylvania, in the sum of $2,000, with William McCahill and Frederick Goedeck as sureties, dated January 16, 1896, and the condition of the bond is as follows:

" That if the said Margaret J. Maguire shall faithfully observe all the laws of this commonwealth relating to the selling or furnishing of vinous, spirituous, malt or brewed liquors, or any admixture thereof, and pay all damages which may be recovered in any action which may be instituted against her, under the provisions of any act of assembly, and all costs, fines and penalties, which may be imposed upon her, under any indictment for violating the above mentioned act of assembly, 'An act to restrain and regulate the sale of vinous and spirituous, malt or brewed liquors, or any admixture thereof,' approved May 13, 1887, or any other act of assembly, relating to selling or furnishing liquors as aforesaid, then this obligation to be void, otherwise to be and remain in full force and virtue."

On July 23, 1896, Charles J. Butterwick brought suit against Margaret J. Maguire, in the court of common pleas No. 2, of Allegheny county, at No. 131, October term, 1896, to recover damages of the said Margaret J. Maguire, for a violation in the month of June, 1896, of the laws of this commonwealth, relating to the selling and furnishing of vinous, spirituous, malt or brewed liquors, and on October 21, 1897, the said case came on for trial and a verdict was rendered in favor of the plaintiff, and against the defendant, in the sum of $6,838.

On July 23, 1896, Mary Duffy, in her own right and for others, brought a suit against Margaret J. Maguire, in the court of common pleas No. 2, of Allegheny county, at No. 133, Octo-

ber term, 1896, to recover damages of the said Margaret J. Maguire for a violation, in the month of June, 1896, of the laws of this commonwealth, relating to the selling and furnishing of vinous, spirituous, malt or brewed liquors, and on December 15, 1897, a verdict was rendered in favor of the plaintiff, and against the defendant, in the sum of $3,250.

In both of the above mentioned cases, the said Margaret J. Maguire filed a plea of "not guilty," and appeared in the court and defended said suits and denied her liability.

At No. 113, December term, 1897, D. S. B., on October 7, 1897, the said Margaret J. Maguire confessed judgment on a judgment bond dated October 6, 1897, to William McCahill and Frederick Goedeck, her sureties, on said license bond, in the penal sum of $4,200, which judgment was confessed to indemnify the said William McCahill and Frederick Goedeck from any loss which they might sustain as sureties on the said license bond of Margaret J. Maguire.

All of the real estate and other property of the said Margaret J. Maguire, so far as the same is known, was sold on September 9, 1898, at 10 o'clock A. M., by the sheriff of Allegheny county, for the sum of $3,160, on an execution issued by the said William McCahill and Frederick Goedeck, on the judgment which was confessed by said Margaret J. Maguire, to them, on October 7, 1897 ; and by the return of the sheriff, $2,100 have been applied to the debt and interest, in full, of said judgment.

To said return Charles J. Butterwick, a judgment debtor of Margaret J. Maguire, filed exceptions.

On July 19, 1898, in the court of common pleas No. 2, of Allegheny county, at No. 44, October term, 1898, D. S. B., Mary Duffy, the plaintiff in the suit before mentioned, had judgment confessed on the said license bond of the said Margaret J. Maguire against Margaret J. Maguire and her sureties, William McCahill and Frederick Goedeck, and collected from the said sureties, on September 21, 1898, the sum of $2,100 and costs on fi. fa. issued on said judgment, which sum was applied to the payment in part of the judgment secured by her and others, at No. 133, October term, 1896, before mentioned. We further agree that the records in all the above mentioned judgments, executions and suits be considered part of this record.

Charles J. Butterwick excepted to the sheriff's special return to the sale of the defendant's property, appropriating, after costs, etc., $2,100 of the fund to the McCahill-Goedeck judgment, as the first lien in priority of time on the fund, on the ground that this confessed judgment was invalid as against him, and in fraud of his legal and equitable rights as judgment creditor for damages resulting from defendant's violation of the liquor laws.

The court confirmed the special return of the sheriff, awarding the money to the plaintiffs, McCahill and Goedeck.

*Errors assigned* were (1) in overruling the exceptions of appellant, and awarding the fund to the plaintiffs in the writ, McCahill and Goedeck; (2) in not awarding the fund to Charles J. Butterwick, the appellant.

*C. A. O'Brien*, with him *Charles W. Ashley*, for appellant.— The right of a surety to indemnity is an equitable claim, and merely a form of subrogation which is a creature of pure equity: Grubbs v. Wysors, 32 Gratt. 127.

When two persons become jointly bound to a third person, one as surety to the other, and the principal debtor gives to the surety any securities for indemnity to him against such obligation, then in case of the insolvency of the joint obligors, the " creditor is entitled to all the securities taken by the surety of his debtor, either for the purpose of securing the payment of the debt to the creditor, or for the purpose of indemnifying himself against the payment of it: " Cornwell's App., 7 W. & S. 308; Himes v. Barnitz, 8 Watts, 45; Erb's App., 2 P. & W. 296; Moore's App., 7 W. & S. 298; Maure v. Harrison, 1 Eq. Cas. Abr. 93; Wright v. Morley, 11 Ves. Jr. 12; Worrall's App., 41 Pa. 524.

*J. S. Ferguson*, with him *E. G. Ferguson* and *Morton Hunter*, for appellees.—The fact that this case arises in a measure under the liquor laws of this state can make no difference in determining the rights of the respective parties: Bing v. Willey, 146 Pa. 381.

There is nothing in the laws of Pennsylvania to prevent a debtor from giving a preference to one creditor over another.

Where a liability exists, there is nothing to prevent a like preference by way of security: Miller v. Howry, 3 P. & W. 374; Bank v. Douglass, 4 Watts, 95; Davis v. Charles, 8 Pa. 82; McCann v. Farley, 26 Pa. 173; Worman v. Wolfersberger's Exrs., 19 Pa. 61.

PER CURIAM, October 30, 1899:

In the absence of any evidence establishing a superior equity in the appellant, McCahill and Goedeck, the plaintiffs in the writ on which the fund for distribution was raised, were entitled to the sum in controversy by virtue of the legal priority of their judgment. There was therefore no error in dismissing appellant's exceptions and confirming the sheriff's special return. Neither of the specifications of error requires discussion. They are both overruled.

Decree affirmed and appeal dismissed at the cost of the appellant, Chas. J. Butterwick.